# EXHIBIT A

CROSNER LEGAL, P.C.
Michael T. Houchin (SBN 305541)
mhouchin@crosnerlegal.com
Craig W. Straub (SBN 249032)
craig@crosnerlegal.com
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429

*Attorneys for Plaintiff and the Proposed Class*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**09/25/2025 at 02:50:58 PM**
By: Andrel Gospel,
Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ALAMEDA**

**UNLIMITED JURISDICTION**

KATERINA PRESS, individually and on behalf of all others similarly situated,

Plaintiff,

v.

DANONE NORTH AMERICA, LLC., a Delaware limited liability company,

Defendant.

Case No. 25CV145622

**CLASS ACTION COMPLAINT FOR**:

1. Violations of the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*;
2. Violations of the Unfair Competition Law, Cal. Bus. & Prof. Code §§17200, *et seq.*; and
3. Breach of Express Warranty

DEMAND FOR JURY TRIAL

## INTRODUCTION

1. Plaintiff Katerina Press, ("Plaintiff") individually and on behalf of all others similarly situated, and the general public, by and through undersigned counsel, hereby brings this action against Danone North America, LLC ("Defendant" or "Danone"), and upon information and belief and investigation of counsel, alleges as follows:

2. This is a California consumer class action for violations of the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA"), Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL"), and for breach of express warranty.

3. Defendant manufactures, distributes, advertises, markets, and sells Oikos Triple Zero brand yogurt products where the front label prominently displays that these Products contain "**0 Artificial Sweeteners .**"[1]

4. This statement is false. Each of the Products are made with stevia leaf extract—an artificial sweetener ingredient used in food products.

5. Defendant's packaging, labeling, and advertising scheme is intended to give consumers the impression that they are buying a premium product that is free from artificial sweeteners.

6. Plaintiff, who purchased the Products in California, was deceived by Defendant's unlawful conduct and brings this action on individually and on behalf of California consumers to remedy Defendant's unlawful acts.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to Article VI, Section 10 of the California Constitution and California Code of Civil Procedure § 410.10.

8. This Court has personal jurisdiction over Defendant because Defendant conducts and transacts business in the State of California, contracts to supply goods within the State of California, and supplies goods within the State of California. Defendant, on its own and through its agents, is responsible for the distribution, marketing, labeling, and sale of the Products in

[1] The "Products" include all Oikos Triple Zero brand yogurt products labeled with a "0 Artificial Sweeteners" claim that contain stevia leaf extract as an ingredient.

California, specifically in this county. The marketing of the Products, including the decision of what to include and not include on the labels, emanates from Defendant. Thus, Defendant has intentionally availed itself of the markets within California through its advertising, marketing, and sale of the Products to consumers in California, including Plaintiff.

9. The Court also has specific jurisdiction over Defendant as it has purposefully directed activities towards the forum state, Plaintiff's claims arise out of those activities, and it is reasonable for Defendant to defend this lawsuit because it has sold deceptively advertised Products to Plaintiff and members of the Class in California. By distributing and selling the Products in California, Defendant has intentionally and expressly aimed conduct at California which caused harm to Plaintiff and the Class that Defendant knows is likely to be suffered by Californians.

10. Venue is proper in this county pursuant to Cal. Civ Code. § 1780(c) because Defendant is doing business in this county as the Products are offered for sale in this county.

## PARTIES

11. Defendant is a Delaware limited liability company that maintains its principal place of business in White Plains, New York. At all times during the class period, Defendant was the manufacturer, distributor, marketer, and seller of the Products.

12. Plaintiff is a resident of California. Plaintiff purchased the Products during the class period in California. Plaintiff relied on Defendant's deceptive advertising and labeling claims as set forth below.

## FACTUAL ALLEGATIONS

### "0 ARTIFICIAL SWEETENERS" IS PROMINENTLY DISPLAYED ON THE LABELS OF THE PRODUCTS

13. The front labels for each of the Products prominently state that the Products contain "0 Artificial Sweeteners" thereby misleading reasonable consumers into believing that the Products are free from artificial sweeteners. However, each of the Products contain the artificial sweetener stevia leaf extract. Below is an example of a label for one of the Products:



CROSNER LEGAL, P.C.




14. Each of the Products contain "stevia leaf extract." For example, below is the ingredient list for the Strawberry Flavored Oikos Triple Zero product pictured above:

CULTURED GRADE A NON FAT MILK, WATER, CONTAINS LESS THAN 1% OF: NATURAL FLAVORS, TAPIOCA STARCH, VEGETABLE JUICE CONCENTRATE (FOR COLOR), STEVIA LEAF EXTRACT, LEMON JUICE CONCENTRATE, SEA SALT, VITAMIN D3.

*YOGURT CULTURES: S. THERMOPHILUS & L. BULGARICUS*

## THE STEVIA LEAF EXTRACT IN THE PRODUCTS IS AN ARTIFICIAL SWEETENER

15. The Joint FAO/WHO Expert Committee on Food Additives ("JECFA") has repeatedly made clear that the commercial ingredient sold as stevia extract is not the same as the crude leaf. At its 63rd meeting, JECFA stated: "The most appropriate name to be used for this extract was 'steviol glycosides', to reflect that the extract contained a mixture of steviol glycosides."[2]

16. JECFA established that the purified additive must meet strict purity thresholds: "The 63rd JECFA required that the summed content of stevioside and rebaudioside A was not less than 70% and established a minimum purity of 95% total steviol glycosides."[3] Later assessments reiterated: "The products in commerce contain at least 95% of total steviol glycosides (on the dried basis) with a variable composition depending upon the composition within."[4]

17. In short, JECFA defines stevia sweeteners as high-purity chemical isolates, not the natural leaf. According to JECFA's Chemical and Technical Assessment: "Steviol glycosides preparations are white or slightly yellowish white crystalline … water soluble powders, which are 200 to 300 times sweeter than sucrose."[5]

18. These crystalline powders are not naturally present in the plant. They result from a multi-step industrial process. The manufacturing process begins with dried stevia leaves, which are crushed or ground to increase extraction yield. The leaves are then steeped in hot water to draw out the glycosides.

---

[2] *Draft Assessment Report- Steviol Glycosides As Intense Sweeteners*, FOOD STANDARDS AUSTRIALIA AND NEW ZEALAND (May 23, 2007), *available at* https://www.foodstandards.gov.au/sites/default/files/food-standards-code/applications/Documents/A540_Stevioside_DAR_FINAL.doc

[3] *84th JECFA - Chemical and Technical Assessment-Steviol Glycosides,* FOOD AND AGRICULTURE ORGANIZATION OF THE UNITED NATIONS (2017), available at https://openknowledge.fao.org/server/api/core/bitstreams/38aa454a-e164-4f3e-95c0-bb4938d8aa90/content?utm_source=chatgpt.com

[4] *Id.*

[5] *Id.*

19. The resulting aqueous extract contains not only steviol glycosides but also pigments, proteins, tannins, and other plant material. To remove these, the liquid undergoes clarification using either chemical coagulation or electro-coagulation, followed by filtration through industrial filter presses.

20. The clarified solution is then subjected to ion-exchange chromatography, passing sequentially through cation and anion exchange resins. These steps strip out minerals, proteins, and colored compounds, leaving only the glycosides.

21. Next, the extract is passed through adsorption columns packed with macro-porous resins. The steviol glycosides bind to the resin surface. To recover them, manufacturers flush the resin with organic solvents such as ethanol, which desorb the glycosides into solution.

22. The alcoholic glycoside solution is then concentrated using nanofiltration membranes to reduce water content and remove smaller molecules. Further purification steps are applied, often including activated carbon treatment to decolorize the extract, followed by additional ion-exchange to remove trace impurities.

23. Finally, the concentrated syrup is spray-dried in industrial equipment, producing a crystalline white powder composed of rebaudioside A, stevioside, and related glycosides. The result bears no resemblance to the natural leaf. What begins as green plant matter ends as an industrially manufactured powder hundreds of times sweeter than sugar.

24. These steps chemically and structurally transform the plant material into a product that does not exist in the natural leaf. It is also a visibly artificial process, as shown in the screenshots below taken from a video tutorial on the stevia extraction process[6]:

[6] *Stevia Extraction Video,* https://www.youtube.com/watch?v=biPdaRRm4RI









25. This distinction—between crude leaf and purified additive—is critical. Crude stevia leaves are not approved for use in food in the United States; only the highly purified, chemically processed steviol glycosides are considered safe for use as sweeteners.

26. Congress defines "synthetic" as "a substance that is formulated or manufactured by a chemical process or by a process that chemically changes a substance extracted from naturally occurring … sources." 7 U.S.C. § 6502(21).

27. Highly purified, crystalline steviol glycosides are not "naturally occurring" constituents of yogurt. They are industrially manufactured additives.

28. Stevia Leaf Extract is used in the Products not for any nutritional purpose, but solely to provide sweetness in place of sugar. Because of the extreme sweetness of Steviol glycosides, only very small amounts are needed to deliver the taste profile of sugar while contributing virtually no calories.

29. Manufacturers adopt stevia for two main reasons: (1) sugar replacement—to market products as "zero sugar" or "reduced sugar" while maintaining palatability, and (2) calorie reduction—to appeal to health-conscious consumers and those managing conditions such as diabetes.

30. Stevia's use is therefore indistinguishable from other artificial sweeteners like aspartame or sucralose: it is a non-nutritive, high-intensity sweetening agent added to processed foods to replace sugar. Consumers reasonably understand such substances to be artificial sweeteners, regardless of their botanical origin.

**REASONABLE CONSUMERS ARE DECEIVED BY DEFENDANT'S "0 ARTIFICIAL SWEETENERS" CLAIM**

31. Consumers, like Plaintiff, relied on Defendant's "0 Artificial Sweeteners" labeling statement.

32. The "0 Artificial Sweeteners" statement on the labels of the Products is material to reasonable consumers: "foods bearing 'free-from' claims are increasingly relevant to Americans, as they perceive the products as closely tied to health … 84 percent of American consumers buy free-from foods because they are seeking out more natural or less processed



CROSNER LEGAL, P.C.

foods. In fact, 43 percent of consumers agree that free-from foods are healthier than foods without a free-from claim, while another three in five believe the fewer ingredients a product has, the healthier it is (59 percent)."[7]

33. Empirical research confirms that consumers are wary of artificial sweeteners and often consider them harmful. A 2025 peer-reviewed study of 649 participants found that 64.1% of consumers believed artificial sweeteners are harmful, while only 6.9% considered them not harmful.[8] Among parents of preschool and school-aged children, the perception was even stronger: 74.1% considered artificial sweeteners harmful. These findings are consistent with other international surveys showing that a majority of consumers associate artificial sweeteners with negative health effects.[9]

34. The same study documented that consumers' engagement with food labels is low, meaning that when companies prominently advertise "0 Artificial Sweeteners" claims, those assurances carry heightened significance. Only 16% of parents and 8% of students reported that they "always" read labels. For consumers like Plaintiff, this makes front-of-pack labeling especially material.[10]

35. This consumer research underscores that "0 Artificial Sweetener" claims directly impact purchasing decisions: consumers pay premiums for such "clean label" products and choose them specifically to avoid perceived risks. The marketplace recognizes this preference, as manufacturers charge more for "free-from" products and capture substantial market share in the rapidly growing clean label ingredients sector.

---

[7] *84% of Americans buy "free-from" foods because they believe them to be more natural or less processed*, Mintel (Sept. 3, 2015), *available at* https://www.mintel.com/press-centre/84-of-americans-buy-free-from-foods-because-they-believe-them-to-be-more-natural-or-less-processed/

[8] B. Jurcevic Zidar et al., *Consumer Perceptions of Artificial Sweeteners in Food Products, Consumption Frequency, and Body Mass Index: A Multivariate Analysis*, NUTRIENTS (Feb. 27, 2025), available at https://pmc.ncbi.nlm.nih.gov/articles/PMC11902076/

[9] *Id.*

[10] *Id.*



CROSNER LEGAL, P.C.

36. Indeed, studies show a growing number, if not a majority of, consumers choose foods made with clean ingredients.[11] In 2024, the global clean label ingredients market size was $44 billion.[12] As such, tapping into the clean label market is important to a company's growth and bottom line.[13] Indeed, it is well documented that manufacturers charge and consumers are willing to a pay a premium for products with clean ingredients (e.g., those that lack artificial sweeteners).[14]

37. Plaintiff and the putative class members suffered economic injury as a result of Defendant's actions. Plaintiff and putative class members spent money that, absent Defendant's actions, they would not have spent.

38. Plaintiff and putative class members are entitled to damages and restitution for the purchase price of the Products that were falsely labeled and advertised. Consumers, including Plaintiff, would not have purchased Defendant's Products, or would have paid less for the Products, if they had known the Products actually contain an artificial sweetener ingredient.

---

[11] *IFIC Survey: From "Chemical-sounding" to "Clean": Consumer Perspectives on Food Ingredients*, FOOD INSIGHT (June 17, 2021), *available at* https://foodinsight.org/ific-survey-from-chemical-sounding-to-clean-consumer-perspectives-on-food-ingredients/; Alverson, Chloe, *Consumer trends continue to prioritize clean label, non-GMO beverage*s, BEVERAGE INDUSTRY, *available at* https://www.bevindustry.com/articles/96687-consumer-trends-continue-to-prioritize-clean-label-non-gmo-beverages.

[12] *Clean Label Ingredient - Market Share Analysis, Industry Trends & Statistics, Growth Forecasts (2024 - 2029)* (synopsis), MORDOR INTELLIGENCE, *available at* https://www.researchandmarkets.com/reports/4771850/clean-label-ingredient-market-share-analysis?w=5; *Clean Label Ingredients Market is Projected to Reach US$ 125.5 Billion and a Dynamic CAGR of 4.2% by 2030*, PERSISTENCE MARKET RESEARCH (Jan. 18, 2024), *available at* https://www.globenewswire.com/en/news-release/2024/01/18/2811262/0/en/Clean-Label-Ingredients-.

[13] *Uncovering the clean label connection to business grow* (May 16, 2022), *available at* https://www.ingredion.com/na/en-us/be-whats-next/growth-with-clean-label.html; *Uncovering the clean label connection to business growth*, INGREDION (May 16, 2022), *available at* https://www.ingredion.com/na/en-us/be-whats-next/growth-with-clean-label.html.

[14] *The Truth About Clean Label — and Why It Matters*, PERDUE FOOD SERVICE (Oct. 18, 2021), *available at* https://www.perduefoodservice.com/resources/trends-insights/the-truth-about-clean-label-and-why-it-matters/; Jacobsen, Jessica, *Consumer awareness of clean label drives demand for ingredient solutions*, BEVERAGE INDUSTRY, *available at* https://www.bevindustry.com/articles/95110-consumer-awareness-of-clean-label-drives-demand-for-ingredient-solutions.

CROSNER LEGAL, P.C.

**PLAINTIFF'S PURCHASE OF THE PRODUCTS**

39. Plaintiff purchased one of the Products with a "0 Artificial Sweeteners" label claim during the class period from a retail store located in Irvine, California.

40. When purchasing the Product, Plaintiff did not expect that the "0 Artificial Sweeteners" statement on the front label was false. Plaintiff did not expect Defendant to publicly place deceptive statements about the contents of its Products on the front label of its Products.

41. Plaintiff saw and relied on the "0 Artificial Sweeteners" claim on the label of the Product when she purchased it. Plaintiff would not have purchased the Product, or would have paid less for the Product, had she known that the Product actually contains an artificial sweetener ingredient.

42. As a result, Plaintiff suffered injury in fact when she spent money to purchase the Product she would not have purchased, or would have paid less for, absent Defendant's misconduct.

43. Plaintiff wants to purchase the Products again if the label of the Products was accurate and if the Products truthfully contained "0 Artificial Sweeteners." However, as a result of Defendant's ongoing misrepresentations, Plaintiff is unable to rely on the Products' labeling when deciding in the future whether to purchase the Products.

**NO ADEQUATE REMEDY AT LAW**

44. Plaintiff and members of the class are entitled to equitable relief as no adequate remedy at law exists. The statutes of limitations for the causes of action pled herein vary. Class members who purchased the Products more than three years prior to the filing of the complaint will be barred from recovery if equitable relief were not permitted under the UCL.

45. The scope of actionable misconduct under the unfair prong of the UCL is broader than the other causes of action asserted herein. It includes Defendant's overall unfair marketing scheme to promote and brand the Products, across a multitude of media platforms, including the product labels, packaging, and online advertisements, over a long period of time, in order to gain an unfair advantage over competitor products.

46. Plaintiff and class members may also be entitled to restitution under the UCL, while not entitled to damages under other causes of action asserted herein (e.g., the CLRA is limited to certain types of plaintiffs (an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes) and other statutorily enumerated conduct).

47. Further, equitable remedies are tried by the Court which is quicker, less expensive and more efficient so there is no adequate remedy at law for the restitution and injunctive relief claims at issue since those are to be tried by the Court and not a jury.

48. A primary litigation objective in this litigation is to obtain injunctive relief. Injunctive relief is appropriate on behalf of Plaintiff and members of the class because Defendant continues to misrepresent the Products as containing "0 Artificial Sweeteners" when the Products actually contain the artificial sweetener ingredient stevia leaf extract.

49. Injunctive relief is necessary to prevent Defendant from continuing to engage in the unfair, fraudulent, and/or unlawful conduct described herein and to prevent future harm—none of which can be achieved through available legal remedies (such as monetary damages to compensate past harm). Further, because a public injunction is available under the UCL, and damages will not adequately benefit the general public in a manner equivalent to an injunction.

## CLASS ACTION ALLEGATIONS

50. Plaintiff brings this action as a class action pursuant to Cal. Code. Civ. Proc. § 382 on behalf of the following Class:

> **California Class**
> All persons who purchased the Products for personal use in California within the applicable statute of limitations until the date class notice is disseminated.

51. Excluded from the class are: (i) Defendant and its officers, directors, and employees; (ii) any person who files a valid and timely request for exclusion; (iii) judicial officers and their immediate family members and associated court staff assigned to the case; (iv) individuals who received a full refund of the Products from Defendant.

52. Plaintiff reserves the right to amend or otherwise alter the class definition presented to the Court at the appropriate time, or to propose or eliminate subclasses, in response to facts learned through discovery, legal arguments advanced by Defendant, or otherwise.

53. The Class is appropriate for certification because Plaintiff can prove the elements of the claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

54. Numerosity: Class Members are so numerous that joinder of all members is impracticable. Plaintiff believes that there are thousands of consumers who are Class Members described above who have been damaged by Defendant's deceptive and misleading practices.

55. Commonality: There is a well-defined community of interest in the common questions of law and fact affecting all Class Members. The questions of law and fact common to the Class Members which predominate over any questions which may affect individual Class Members include, but are not limited to:

a. Whether Defendant is responsible for the conduct alleged herein which was uniformly directed at all consumers who purchased the Products;

b. Whether Defendant's misconduct set forth in this Complaint demonstrates that Defendant engaged in unfair, fraudulent, or unlawful business practices with respect to the advertising, marketing, and sale of the Products;

c. Whether Defendant made misrepresentations concerning the Products that were likely to deceive the public;

d. Whether Plaintiff and the Class are entitled to injunctive relief;

e. Whether Plaintiff and the Class are entitled to money damages and/or restitution under the same causes of action as the other Class Members.

56. Typicality: Plaintiff is a member of the Class that Plaintiff seeks to represent. Plaintiff's claims are typical of the claims of each Class Member in that every member of the Class was susceptible to the same deceptive, misleading conduct and purchased the Products. Plaintiff is entitled to relief under the same causes of action as the other Class Members.

57. Adequacy: Plaintiff is an adequate Class representative because Plaintiff's interests do not conflict with the interests of the Class Members Plaintiff seeks to represent; the consumer fraud claims are common to all other members of the Class, and Plaintiff has a strong interest in vindicating the rights of the class; Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to vigorously prosecute this action. Plaintiff has no interests which conflict with those of the Class. The Class Members' interests will be fairly and adequately protected by Plaintiff and proposed Class Counsel. Defendant has acted in a manner generally applicable to the Class, making relief appropriate with respect to Plaintiff and the Class Members. The prosecution of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications.

58. The Class is properly brought and should be maintained as a class action because a class action is superior to traditional litigation of this controversy. A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

a. The joinder of hundreds of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

b. The individual claims of the Class Members may be relatively modest compared with the expense of litigating the claim, thereby making it impracticable, unduly burdensome, and expensive to justify individual actions;

c. When Defendant's liability has been adjudicated, all Class Members' claims can be determined by the Court and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

d. This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

e. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action;

f. This class action will assure uniformity of decisions among Class Members;

g. The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation; and

h. Class Members' interests in individually controlling the prosecution of separate actions is outweighed by their interest in efficient resolution by single class action;

59. Additionally or in the alternative, the Class also may be certified because Defendant has acted or refused to act on grounds generally applicable to the Class thereby making final declaratory and/or injunctive relief with respect to the members of the Class as a whole, appropriate.

60. Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of the Class, on grounds generally applicable to the Class, to enjoin and prevent Defendant from engaging in the acts described, and to require Defendant to provide full restitution to Plaintiff and the Class members.

61. Unless the Class is certified, Defendant will retain monies that were taken from Plaintiff and Class members as a result of Defendant's wrongful conduct. Unless a classwide injunction is issued, Defendant will continue to commit the violations alleged and the members of the Class and the general public will continue to be misled.

## FIRST CLAIM FOR RELIEF

***Violation of California's Consumers Legal Remedies Act***

***Cal. Civ. Code §§ 1750 et seq.***

62. Plaintiff realleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

63. Plaintiff brings this claim under the CLRA individually and on behalf of the Class against Defendant.

64. At all times relevant hereto, Plaintiff and the members of the Class were "consumer[s]," as defined in California Civil Code section 1761(d).

65. At all relevant times, Defendant was a "person," as defined in California Civil Code section 1761(c).

66. At all relevant times, the Products manufactured, marketed, advertised, and sold by Defendant constituted "goods," as defined in California Civil Code section 1761(a).

67. The purchases of the Products by Plaintiff and the members of the Class were and are "transactions" within the meaning of California Civil Code section 1761(e).

68. Defendant disseminated, or caused to be disseminated, through its advertising, false and misleading representations, including the Products' labeling that the Products contain "0 Artificial Sweeteners." Defendant failed to disclose that the Products contain an artificial sweetener ingredient called stevia leaf extract.

69. This is a material misrepresentation and omission as reasonable consumer would find the fact that the Products contain an artificial sweetener to be important to their decision in purchasing the Products. Defendant's representations violate the CLRA in the following ways:

a) Defendant represented that the Products have characteristics, ingredients, uses, and benefits which they do not have (Cal. Civ. Code § 1770(a)(5));

b) Defendant represented that the Products are of a particular standard, quality, or grade, which they are not (Cal. Civ. Code § 1770(a)(7));

c) Defendant advertised the Products with an intent not to sell the Products as advertised (Cal. Civ. Code § 1770(a)(9)); and

d) Defendant represented that the subject of a transaction has been supplied in accordance with a previous representation when it has not (Cal. Civ. Code § 1770(a)(16)).

70. Defendant violated the CLRA because the Products were prominently advertised as containing "0 Artificial Sweeteners" but, in reality, the Products contain an artificial sweetener ingredient called stevia leaf extract. Defendant knew or should have known that consumers would want to know that the Products contain an artificial sweetener.

71. Defendant's actions as described herein were done with conscious disregard of Plaintiff's and the Class members' rights and were wanton and malicious.

72. Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA, since Defendant is still representing that the Products have characteristics which they do not have.

73. Pursuant to California Civil Code section 1782(d), Plaintiff and the members of the Class seek an order enjoining Defendant from engaging in the methods, acts, and practices alleged herein.

74. Pursuant to California Civil Code section 1782, Plaintiff will notify Defendant in writing by certified mail of the alleged violations of the CLRA and will demand that Defendant rectify the problems associated with the actions detailed above and give notice to all affected consumers of their intent to so act. If Defendant fails to rectify or agree to rectify the problems associated with the actions detailed herein and give notice to all affected consumers within 30 days of the date of written notice pursuant to section 1782 of the CLRA, then Plaintiff will amend the complaint to seek damages.

75. Pursuant to section 1780(d) of the CLRA, below is an affidavit showing that this action was commenced in a proper forum.

## SECOND CLAIM FOR RELIEF

***Violation of California's Unfair Competition Law***

***Cal. Bus. & Prof. Code §§ 17200 et seq.***

76. Plaintiff realleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

77. Plaintiff brings this claim under the UCL individually and on behalf of the Class against Defendant.

78. The UCL prohibits any "unlawful," "fraudulent," or "unfair" business act or practice and any false or misleading advertising.

79. Defendant committed unlawful business acts or practices by making the representations and omitted material facts (which constitutes advertising within the meaning of California Business & Professions Code section 17200), as set forth more fully herein, and by violating California's Consumers Legal Remedies Act, Cal. Civ. Code §§17500, *et seq.*, California's False Advertising Law, Cal. Bus. & Prof. § 17500, *et seq.*, 15 U.S.C. § 45, and by breaching express and implied warranties. Plaintiff, individually and on behalf of the other Class

members, reserves the right to allege other violations of law, which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

80. Defendant committed "unfair" business acts or practices by: (1) engaging in conduct where the utility of such conduct is outweighed by the harm to Plaintiff and the members of the a Class; (2) engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiff and the members of the Class; and (3) engaging in conduct that undermines or violates the intent of the consumer protection laws alleged herein.

81. There is no societal benefit from deceptive advertising.

82. Plaintiff and the other Class members paid for a Product that is not as advertised by Defendant. Further, Defendant failed to disclose a material fact (that the Products contain an artificial sweetener) of which they had exclusive knowledge.

83. While Plaintiff and the other Class members were harmed, Defendant was unjustly enriched by its false misrepresentations and material omissions. As a result, Defendant's conduct is "unfair," as it offended an established public policy.

84. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. For example, it does not have to include the false claim on the labeling.

85. Defendant committed "fraudulent" business acts or practices by making the representations of material fact regarding the Products set forth herein. Defendant's business practices as alleged are "fraudulent" under the UCL because they are likely to deceive customers into believing the Products actually contain no artificial sweeteners.

86. Plaintiff and the other members of the Class have in fact been deceived as a result of their reliance on Defendant's material representations and omissions. This reliance has caused harm to Plaintiff and the other members of the Class, each of whom purchased Defendant's Products. Plaintiff and the other Class members have suffered injury in fact and lost money as a result of purchasing the Products and Defendant's unlawful, unfair, and fraudulent practices.

87. Defendant's wrongful business practices and violations of the UCL are ongoing.

88. Plaintiff and the Class seek pre-judgment interest as a direct and proximate result of Defendant's unfair and fraudulent business conduct. The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and the Class seek interest in an amount according to proof.

89. Unless restrained and enjoined, Defendant will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate.

90. Pursuant to California Business & Professions Code section 17203, Plaintiff, individually and on behalf of the Class, seeks (1) restitution from Defendant of all money obtained from Plaintiff and the other Class members as a result of unfair competition; (2) an injunction prohibiting Defendant from continuing such practices in the State of California that do not comply with California law; and (3) all other relief this Court deems appropriate, consistent with California Business & Professions Code section 17203.

## THIRD CLAIM FOR RELIEF

### *Breach of Express Warranty*

91. Plaintiff realleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

92. Plaintiff brings this claim for breach of express warranty individually and on behalf of the Class against Defendant.

93. As the manufacturer, marketer, distributor, and seller of the Products, Defendant issued an express warranty by representing to consumers at the point of purchase that the Products contain "0 Artificial Sweeteners."

94. Plaintiff and the Class reasonably relied on Defendant's misrepresentations, descriptions and specifications regarding the Products, including the representation that the Products contain "0 Artificial Sweeteners."

95. Defendant's representations were part of the description of the goods and the bargain upon which the goods were offered for sale and purchased by Plaintiff and Members of the Class.

96. In fact, the Products do not conform to Defendant's representations because the Products contain an artificial sweetener ingredient called stevia leaf extract. By falsely representing the Products in this way, Defendant breached express warranties.

97. Plaintiff relied on Defendant's (the manufacturer) representations on the Products' labels and advertising materials which provide the basis for an express warranty under California law.

98. As a direct and proximate result of Defendant's breach, Plaintiff and Members of the Class were injured because they: (1) paid money for the Products that were not what Defendant represented; (2) were deprived of the benefit of the bargain because the Products they purchased were different than Defendant advertised; and (3) were deprived of the benefit of the bargain because the Products they purchased had less value than if Defendant's representations about the characteristics of the Products were truthful.

99. Had Defendant not breached the express warranty by making the false representations alleged herein, Plaintiff and Class Members would not have purchased the Products or would not have paid as much as they did for them.

## REQUEST FOR RELIEF

Plaintiff, individually, and on behalf of all others similarly situated, request for relief pursuant to each claim set forth in this complaint, as follows:

a. Declaring that this action is a proper class action, certifying the Class as requested herein, designating Plaintiff as the Class Representative and appointing the undersigned counsel as Class Counsel;

b. Ordering restitution and disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiff and the Class members as a result of Defendant's unlawful, unfair, and fraudulent business practices;

c. Ordering injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices as set forth herein, and ordering Defendant to engage in a corrective advertising campaign;

d. Ordering damages in an amount which is different than that calculated for restitution for Plaintiff and the Class;

e. Ordering Defendant to pay attorneys' fees and litigation costs to Plaintiff and the other members of the Class;

f. Ordering Defendant to pay both pre- and post-judgment interest on any amounts awarded; and

g. Ordering such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all claims in this Complaint so triable.

Dated: September 25, 2025

CROSNER LEGAL, P.C.

By: /s/ *Michael T. Houchin*

Michael T. Houchin (SBN 305541)
mhouchin@crosnerlegal.com
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429

*Attorneys for Plaintiff and the Proposed Class*

<u>Civil Code Section 1780(d) Affidavit</u>

I am an attorney duly licensed to practice before all of the courts of the State of California. I am one of the counsel of record for Plaintiff. This declaration is made pursuant to § 1780(d) of the California Consumers Legal Remedies Act. Defendant has done, and is doing, business in California, including in this county. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed September 25, 2025 at San Diego, California.

By: *\/s/ Michael T. Houchin*

CROSNER LEGAL, P.C.

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Michael T. Houchin (SBN 305541)
Crosner Legal, P.C. 9440 Santa Monica Blvd. Suite 301 Beverly Hills, CA 90210

TELEPHONE NO.: (866) 276-7637 FAX NO.: (310) 510-6429
EMAIL ADDRESS: mhouchin@crosnerlegal.com
ATTORNEY FOR *(Name):* Plaintiff, Katerina Press

*FOR COURT USE ONLY*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**09/25/2025 at 02:50:58 PM**
By: Andrel Gospel,
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: René C. Davidson Courthouse

CASE NAME:
KATERINA PRESS v. DANONE NORTH AMERICA, LLC

## CIVIL CASE COVER SHEET

[x] **Unlimited** (Amount demanded exceeds $35,000)
[ ] **Limited** (Amount demanded is $35,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 25CV145622
JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[x] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [x] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* 3- Cal. Civ. Code §§ 1750, Cal. Bus. & Prof. Code §§17200, Breach of Express Warranties
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 25, 2025
Michael T. Houchin
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.



Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition



**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form | Save this form | Clear this form

F. ADDENDUM TO CIVIL CASE COVER SHEET

**Short Title:** Press v. Danone North America, LLC **Case Number:**

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[✓] Oakland, Rene C. Davidson Alameda County Courthouse (446)
[ ] Hayward Hall of Justice (447)
[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) |
|---|---|---|
| Auto Tort | Auto tort (22) | [ ] 34 Auto tort (G) |
| | | **Is this an uninsured motorist case? [ ] yes [ ] no** |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] 75 Asbestos (D) |
| | Product liability (24) | [ ] 89 Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] 97 Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] 33 Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [✓] 79 Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] 80 Civil rights (G) |
| | Defamation (13) | [ ] 84 Defamation (G) |
| | Fraud (16) | [ ] 24 Fraud (G) |
| | Intellectual property (19) | [ ] 87 Intellectual property (G) |
| | Professional negligence (25) | [ ] 59 Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] 03 Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] 38 Wrongful termination (G) |
| | Other employment (15) | [ ] 85 Other employment (G) |
| | | [ ] 53 Labor comm award confirmation |
| | | [ ] 54 Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] 04 Breach contract / Wrnty (G) |
| | Collections (09) | [ ] 81 Collections (G) |
| | Insurance coverage (18) | [ ] 86 Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] 98 Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] 18 Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] 17 Wrongful eviction (G) |
| | Other real property (26) | [ ] 36 Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] 94 Unlawful Detainer - commercial **Is the deft. in possession** |
| | Residential (32) | [ ] 47 Unlawful Detainer - residential **of the property?** |
| | Drugs (38) | [ ] 21 Unlawful detainer - drugs **[ ] Yes [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] 41 Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] 62 Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] 49 Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No** |
| | Other judicial review (39) | [ ] 64 Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] 77 Antitrust / Trade regulation |
| | Construction defect (10) | [ ] 82 Construction defect |
| | Claims involving mass tort (40) | [ ] 78 Claims involving mass tort |
| | Securities litigation (28) | [ ] 91 Securities litigation |
| | Toxic tort / Environmental (30) | [ ] 93 Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] 95 Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] 19 Enforcement of judgment |
| | | [ ] 08 Confession of judgment |
| Misc Complaint | RICO (27) | [ ] 90 RICO (G) |
| | Partnership / Corp. governance (21) | [ ] 88 Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] 68 All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] 06 Change of name |
| | | [ ] 69 Other petition |

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California
County of Alameda
09/25/2025
Chad Finke, Executive Officer / Clerk of the Court
By: A. Gospel Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
DANONE NORTH AMERICA, LLC., a Delaware limited liability company,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
KATERINA PRESS, individually and on behalf of all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Rene C. Davidson Courthouse
1225 Fallon Street Oakland, CA 94612

CASE NUMBER: *(Número del Caso):* 25CV145622

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael T. Houchin, Crosner Legal PC: 9440 Santa Monica Blvd Ste 301 Beverly Hills, CA 90210 (866) 276-7637

DATE: 09/25/2025 Clerk, by A. Gospel, Deputy
*(Fecha)* Chad Finke, Executive Officer / Clerk of the Court *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form Save this form Clear this form

| SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Rene C. Davidson Courthouse Administration Building, 1221 Oak Street, Oakland, CA 94612 | FILED Superior Court of California County of Alameda 09/25/2025 Chad Finke, Executive Officer / Clerk of the Court By: A. Gospel Deputy |
| PLAINTIFF: Katerina Press | |
| DEFENDANT: Danone North America, LLC | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER: 25CV145622 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

| | | |
|---|---|---|
| Date: 01/23/2026 | Time: 8:30 AM | Dept.: 21 |
| Location: Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | | |

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Expedited Jury Trials

If the parties agree, they may try the case in an Expedited Jury Trial. Code of Civ. Proc. § 630.01 et seq. In short, the parties would agree to the following: 8 jurors (6 must agree); 3 peremptory challenges per side; 5-hour time limit per side, unless otherwise agreed and approved; one to two court days for completion, unless otherwise agreed and approved; high/low arrangement option; and limited right to appeal. For additional information, please see the following links:

- EJT-010-INFO* Expedited Jury Trial Information Sheet (ca.gov)
- EJT-008 Agreement of Parties (Mandatory Expedited Jury Trial Procedures) (ca.gov)
- EJT-020 [Proposed] Consent Order for Voluntary Expedited Jury Trial (ca.gov)

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp<br><br>FILED<br>Superior Court of California<br>County of Alameda<br>09/25/2025<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: [signature] Deputy<br>A. Gospel |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |
| PLAINTIFF/PETITIONER:<br>Katerina Press | |
| DEFENDANT/RESPONDENT:<br>Danone North America, LLC | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>25CV145622 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Craig W. Straub
Crosner Legal, P.C.
9440 Santa Monica Blvd Ste 301
Beverly Hills, CA 90210

Michael Thomas Houchin
Crosner Legal, P.C.
9440 Santa Monica Blvd Ste 301
Beverly Hills, CA 90210

Chad Finke, Executive Officer / Clerk of the Court

Dated: 10/01/2025

By: [signature]

A. Gospel, Deputy Clerk

| Attorney or Party without Attorney: Michael T. Houchin (SBN 305541) CROSNER LEGAL, PC 9440 Santa Monica Blvd., Suite 301 Beverly Hills, CA 90210 Telephone No: 310-496-4818 Attorney For: Plaintiff | Ref. No. or File No.: 02015 - Press | For Court Use Only<br>**ELECTRONICALLY FILED**<br>Superior Court of California, County of Alameda<br>**10/06/2025 at 10:34:24 AM**<br>By: Laure Havenar-Daughton, Deputy Clerk |
|---|---|---|
| Insert name of Court, and Judicial District and Branch Court: SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF ALAMEDA UNLIMITED JURISDICTION | | |
| Plaintiff: KATERINA PRESS, individually and on behalf of all others similarly situated<br>Defendant: DANONE NORTH AMERICA, LLC., a Delaware limited liability company | | |

| PROOF OF SERVICE SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number: 25CV145622 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Notice Of Case Management Conference

3. *a. Party served:* DANONE NORTH AMERICA, LLC., a Delaware limited liability company
   *b. Person served:* Naja Hubert, authorized to accept service for Corporate Creations Network, Inc., Agent for Service of Process

4. *Address where the party was served:* 1521 Concord Pike, Wilmington, DE 19803

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Wed, Oct 01 2025 (2) at *(time)*: 02:55 PM
   (1) [X] **(business)**
   (2) [ ] **(home)**
   (3) [ ] **(other) :**

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify)*:
   c. [ ] as occupant.
   d. [X] On behalf of *(specify)*: DANONE NORTH AMERICA, LLC., a Delaware limited liability company
   under the following Code of Civil Procedure section:
   [ ] 416.10 (corporation)
   [ ] 416.20 (defunct corporation)
   [ ] 416.30 (joint stock company/association)
   [ ] 416.40 (association or partnership)
   [ ] 416.50 (public entity)
   [X] other: limited liability company
   [ ] 415.95 (business organization, form unknown)
   [ ] 416.60 (minor)
   [ ] 416.70 (ward or conservatee)
   [ ] 416.90 (authorized person)
   [ ] 415.46 (occupant)

| | | |
|---|---|---|
| *Plaintiff:* | KATERINA PRESS, individually and on behalf of all others similarly situated | *Case Number:* 25CV145622 |
| *Defendant:* | DANONE NORTH AMERICA, LLC., a Delaware limited liability company | |

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   a. Name: Leah Sammak
   b. Address: **FIRST LEGAL**
      1517 W. Beverly Blvd.
      LOS ANGELES, CA 90026
   c. Telephone number: (213) 250-1111
   d. **The fee** for service was: $253.25
   e. I am:
      (1) [X] not a registered California process server.
      (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
      (3) [ ] a registered California process server:
         (i) [ ] owner [ ] employee [ ] independent contractor
         (ii) Registration No:
         (iii) County:

8. ***I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.***

10/02/2025
*(Date)*

[signature]
*Leah Sammak*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
Rene C. Davidson Courthouse, Department 21

JUDICIAL OFFICER: HONORABLE S. RAJ CHATTERJEE

Courtroom Clerk: Belinda Mercado CSR: None

**25CV145622** October 30, 2025
2:30 PM

**PRESS**
**vs**
**DANONE NORTH AMERICA, LLC**

**MINUTES**

**NATURE OF PROCEEDINGS: Complex Determination Hearing**

ORDER RE: COMPLIANCE

The Court has ordered the following after review of the case.

Prior to the hearing, the Court issued a tentative ruling, which was not contested and was affirmed as set forth below.

**COMPLEX DETERMINATION - GRANTED CLASS ACTION**

**COMPLEX DETERMINATION**

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to a judge and an initial case management order will be issued.

**PROCEDURES**
Calendar information, filings, and tentative rulings are available to the public athttps://eportal.alameda.courts.ca.gov/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department.

**SERVICE OF THIS ORDER**
Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third-party cross-defendant shall have a continuing duty to

serve a copy of this order on newly joined cross-defendants and to file proof of service.

**Plaintiff must file a motion for class certification prior to the August 31, 2026 hearing.**

**The parties shall, no later than 15 calendar days before the next case management hearing, file a joint case management statement on pleading paper.**

**The Court finds that this deadline provides sufficient time for the parties to complete class discovery. See generally CRC 3.764(b). The parties are expected to diligently proceed with undertaking discovery necessary for determining class certification and to timely resolve any disputes that arise, including bringing any necessary motions, to meet this deadline**

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Alameda Superior Court, within 10 days of service of this order.

All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9.

Judicial: Non-Appearance Case Review re: Deadline to File Class Certification Motion is scheduled for 08/31/2026 at 02:30 PM in Department 21 at Rene C. Davidson Courthouse.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

By: B. Mercado, Deputy Clerk

Minutes of: 10/30/2025
Entered on: 10/31/2025

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
Rene C. Davidson Courthouse

| | |
|---|---|
| Katerina Press<br>Plaintiff/Petitioner(s)<br>vs.<br>Danone North America, LLC<br>Defendant/Respondent (s) | No. 25CV145622<br><br>Date: 10/30/2025<br>Time: 2:30 PM<br>Dept: 21<br>Judge: S. Raj Chatterjee<br><br>ORDER re: Complex Determination Hearing |

ORDER RE: COMPLIANCE

The Court has ordered the following after review of the case.

Prior to the hearing, the Court issued a tentative ruling, which was not contested and was affirmed as set forth below.

**COMPLEX DETERMINATION - GRANTED CLASS ACTION**

**COMPLEX DETERMINATION**

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to a judge and an initial case management order will be issued.

**PROCEDURES**
Calendar information, filings, and tentative rulings are available to the public athttps://eportal.alameda.courts.ca.gov/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department.

**SERVICE OF THIS ORDER**
Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third-party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

**Plaintiff must file a motion for class certification prior to the August 31, 2026 hearing.**

**The parties shall, no later than 15 calendar days before the next case management hearing, file a joint case management statement on pleading paper.**

**The Court finds that this deadline provides sufficient time for the parties to complete class discovery. See generally CRC 3.764(b). The parties are expected to diligently proceed with undertaking discovery necessary for determining class certification and to timely resolve any disputes that arise, including bringing any necessary motions, to meet this deadline**

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Alameda Superior Court, within 10 days of service of this order.

All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9.

Judicial: Non-Appearance Case Review re: Deadline to File Class Certification Motion is scheduled for 08/31/2026 at 02:30 PM in Department 21 at Rene C. Davidson Courthouse.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

Dated : 10/30/2025

S. Raj Chatterjee / Judge

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
Rene C. Davidson Courthouse

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp<br><br>FILED<br>Superior Court of California<br>County of Alameda<br>10/31/2025<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: Deputy<br>B. Mercado |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |
| PLAINTIFF/PETITIONER:<br>Katerina Press | |
| DEFENDANT/RESPONDENT:<br>Danone North America, LLC | |
| **CERTIFICATE OF ELECTRONIC SERVICE CODE OF CIVIL PROCEDURE 1010.6** | CASE NUMBER:<br>25CV145622 |

**I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served one copy of the Order re: Complex Determination Hearing entered herein upon each party or counsel of record in the above entitled action, by electronically serving the document(s) from my place of business, in accordance with standard court practices.**

Craig W. Straub
Crosner Legal, P.C.
craig@crosnerlegal.com

Michael Thomas Houchin
Crosner Legal, P.C.
mhouchin@crosnerlegal.com

Chad Finke, Executive Officer / Clerk of the Court

Dated: 10/31/2025

By:

B. Mercado, Deputy Clerk

# 25CV145622, PRESS vs DANONE NORTH AMERICA, LLC

CA Superior - Alameda

Rene C. Davidson Courthouse / DEPT 21

**This case was retrieved on 10/31/2025**

## Header

**Case Number:** 25CV145622
**Date Filed:** 09/25/2025
**Date Full Case Retrieved:** 10/31/2025
**Status:** Unknown
**Misc:** (30) Other Commercial/Business Tort (not fraud/ breach of contract); Civil Unlimited

## Summary

**Judge**: HON. Somnath Raj Chatterjee

## Participants

| Litigants | Attorneys |
|---|---|
| Katerina Press<br>**Plaintiff** | |
| Danone North America, LLC<br>**Defendant** | |

**--- Unassociated Attorneys ---**

Craig W. Straub

Attorney

Michael Thomas Houchin

Attorney

## Calendar

| Date | Time | Details | Location |
|---|---|---|---|
| 01/23/2026 | 08:30 AM | Initial Case Management Conference | RCD / Department 21 |
| 08/31/2026 | 02:30 PM | Judicial: Non-Appearance Case Review re: Deadline to File Class Certification Motion | RCD / Department 21 |

## Proceedings

| Date | # | Proceeding Text | Details |
|---|---|---|---|
| 09/25/2025 | | Complaint Filed by:Katerina Press (Plaintiff)As to: Danone North America, LLC (Defendant) | |

25CV145622, PRESS vs DANONE NORTH AMERICA, LLC

| Date | # | Proceeding Text | Details |
|---|---|---|---|
| 09/25/2025 | | Civil Case Cover Sheet Filed by:Katerina Press (Plaintiff)As to: Danone North America, LLC (Defendant) | |
| 09/25/2025 | | Summons on Complaint Issued and Filed by:Katerina Press (Plaintiff)As to: Danone North America, LLC (Defendant) | |
| 09/25/2025 | | Notice of Case Management Conference Filed by:Clerk | |
| 09/25/2025 | | The case is placed in special status of: Provisionally Complex ' Case Type | |
| 10/01/2025 | | Initial Case Management Conference scheduled for 01/23/2026 at 08:30 AM in Rene C. Davidson Courthouse at Department 21 | |
| 10/01/2025 | | Complex Determination Hearing scheduled for 10/30/2025 at 02:30 PM in Rene C. Davidson Courthouse at Department 21 | |
| 10/01/2025 | | Case assigned to Hon. Somnath Raj Chatterjee in Department 21 Rene C. Davidson Courthouse | |
| 10/06/2025 | | Proof of Service of Summons Filed by:Katerina Press (Plaintiff)As to: Danone North America, LLC (Defendant) Service Cost: 253.25Service Date: 10/01/2025Service Cost Waived: No | |
| 10/29/2025 | | Tentative Ruling Published for 10/30/2025 2:30 PM Complex Determination Hearing} | |
| 10/30/2025 | | The case is placed in special status of: Deemed Complex | |
| 10/30/2025 | | Minute Order (Complex Determination Hearing) | |
| 10/30/2025 | | Order re: Complex Determination Hearing Signed and Filed by:Court | |
| 10/31/2025 | | Judicial: Non-Appearance Case Review re: Deadline to File Class Certification Motion scheduled for 08/31/2026 at 02:30 PM in Rene C. Davidson Courthouse at Department 21 | |
| 10/31/2025 | | Complex Determination Hearing scheduled for 10/30/2025 at 02:30 PM in Rene C. Davidson Courthouse at Department 21 updated: Result Date to 10/30/2025 Result Type to Held - Motion Granted | |
| 10/31/2025 | | The case is removed from the special status of: Provisionally Complex ' Case Type | |

Copyright © LexisNexis CourtLink, Inc. All Rights Reserved.
*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

End of Document